(131 So. 668)

## STATE v. WARREN.

### No. 30786.

Dec. 1, 1930.

Percy Saint, Atty. Gen., C. Sidney Frederick, Dist. Atty., of Covington, and E. R. Schowalter Asst. to Atty. Gen., for the State.

L. L. Morgan, of Covington, and Brock & Carter, of Franklinton, for appellee.

BRUNOT, J.

The defendant was indicted by the grand jury for an offense denounced by Act No. 57 of 1888, viz., extortion in office. A motion to quash the indictment was filed, heard, and sustained, and the state appealed from the ruling. No exception was taken to the ruling and no bill was reserved, but the state relies upon an alleged error patent on the face of the record.

Appellee has moved to dismiss the appeal upon the ground that, after the court sustained the motion to quash the indictment and an appeal had been taken from that ruling, the district attorney, upon the same statement of facts on which the indictment was based, filed an information charging the defendant with a violation of Act No. 16 of 1920. A motion to quash the information and a demurrer

thereto were filed, but the record discloses that pending the decision on this appeal these pleas are held in abeyance.

The defendant is a police juror of Washington parish, and his counsel contend that if Act No. 57 of 1888 has application to extortion in office committed by police jurors, it has been repealed by Act No. 16 of 1920. The state contends that the trial court erred in so holding. With these contentions, however, we are not concerned, in this case, for the reason that, under our conception of the law, we are not clothed with jurisdiction to pass upon the merits of the appeal.

The penalty for a violation of Act No. 57 of 1888 is a fine of not more than $1,000 and imprisonment for not more than five years, at the discretion of the court. This means a fine and imprisonment in the parish jail, and in this case no fine or imprisonment has been imposed.

No law of this state has been declared unconstitutional by the trial court and no fine exceeding $300 and no imprisonment exceeding six months has been imposed upon the defendant.

Section 10 of article 7 of the Constitution of 1921 provides that this court shall have appellate jurisdiction in all cases where "a law of this State has been declared unconstitutional" and its appellate jurisdiction shall extend "to criminal cases on questions of law alone, whenever the penalty of death, or imprisonment at hard labor may be imposed; or where a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed."

It is apparent that the appeal must be dismissed for want of jurisdiction. This conclusion obviates the necessity of considering whether or not Act No. 16 of 1920 repeals the whole or any part of Act No. 57 of 1888, or whether or not the district attorney acquiesced in the ruling of the court sustaining defendant's motion to quash the indictment.

Upon the record before us and the cited provisions of the Constitution, we feel that any review of the authorities cited would be a useless waste of time. For these reasons the appeal is dismissed.